UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL GOSTON,

                                               Plaintiff,

     v.                                                 9:08-CV-478 (FJS/GJD)

RICHARD POTTER,

                                               Defendant.
_____

DARRELL GOSTON
Plaintiff, *pro se*
C. HARRIS DAGUE, Asst. Attorney General for Defendant

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, brought pursuant to 42 U.S.C. § 1983, plaintiff alleges that his due process rights were violated when he was subjected to two different disciplinary hearings for the same conduct. Compl. ¶ 7. (Dkt. No. 1). Plaintiff also alleges a violation of his "Eighth Amendment" rights. *Id.* Plaintiff seeks substantial monetary as well as injunctive relief. Compl. ¶ 9.

Presently before the court are two motions. Defendant Potter has moved for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). (Dkt. No. 15). Plaintiff has responded in opposition to defendant's motion. (Dkt. No. 18). Plaintiff has also filed a letter-motion requesting a "stay" of this action. (Dkt. No. 17). For the following reasons, this court will recommend denying defendant's motion for

judgment on the pleadings and denying plaintiff's motion to stay.

## DISCUSSION

**1. <u>Background</u>**

This court will discuss the background of this case for clarity, including plaintiff's attempt to file a related habeas corpus petition in this court. The basic claim in this case is that plaintiff was subjected to two disciplinary hearings relating to the same conduct. One hearing was a Tier II hearing and the second was a Tier III hearing. Tier II hearings are reserved for less serious conduct, and inmates can only receive a maximum of thirty (30) days of keeplock or other restrictive confinement in addition to loss of privileges and other lesser sanctions. *See* N.Y. COMP. CODES R. & REG. Tit. 7 § 254.7(a)(iii) and (vi). Tier III hearings are reserved for more serious misbehavior and may result in very severe penalties, including lengthy disciplinary sentences and recommended loss of good time. *See Hynes v. Squillace*, 143 F.3d 653, 655 (2d Cir.), *cert. denied*, 525 U.S. 907 (1998).

Plaintiff in this case states that he was found guilty at both hearings and received penalties at both hearings. He believes that this violated his constitutional rights. On April 30, 2008, Goston filed a petition for habeas corpus in the Northern District of New York. *Goston v. Woods*, 9:08-CV-462 (NAM/GHL). Shortly thereafter on May 5, 2008, plaintiff filed this action. The "petition" in 08-CV-462, raised identical claims as in this case. *Id.* There was no indication ***in either case***, that plaintiff lost good time as a result of the Tier III disposition.

Magistrate Judge Lowe ordered plaintiff (petitioner in 08-CV-462) to tell the

court whether he lost good time, and if not, whether there was any difference between 08-CV-462 and this case. (Dkt. No. 4). Goston never responded to Magistrate Judge Lowe's order, and therefore, Magistrate Judge Lowe recommended,[1] and Chief Judge Mordue approved the dismissal of 08-CV-462. (Dkt. Nos. 5, 6 in 08-CV-462).

Then, plaintiff made a motion to stay in this case, and on August 20, 2008, this court denied the stay because this is a civil rights action, plaintiff did not allege that he lost good time as a result of the disciplinary hearings, and there was no reason to "stay" the action pending exhaustion of state court remedies. (Dkt. No. 13). In a civil rights action, plaintiff is *only* required to exhaust his "administrative remedies" such as the grievance procedure or as in this case, the disciplinary appeals process. 42 U.S.C. § 1997e(a).

Defendants filed their motion for judgment on the pleadings on August 27, 2008. (Dkt. No. 15). On August 27, 2008, plaintiff filed another motion for a "stay" in this case, ***alleging for the first time that he lost six months of good time*** as a result of the Tier III hearing. (Dkt. No. 17). Plaintiff claims that he had an inmate assistant helping plaintiff, but that his assistant "overlooked" that plaintiff lost six months of good time as a result of the second hearing. *Id.* Plaintiff again asks for a stay so that he can go back and exhaust his state court remedies. *Id.*

## 2. **Stay of the Action**

The "stay and abeyance" procedure was developed in the Second Circuit by

---

[1] Although Goston had the opportunity to object to Magistrate Judge Lowe's recommendation, he did not do so.

*Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). In *Zarvela*, the court held that when presented with a **habeas corpus** petition in which the petitioner did not exhaust some or all of his claims, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Id.* In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved the "stay and abeyance" procedure, but imposed substantial limitations.

As this court stated in its order of August 20, 2008, the "stay and abeyance" procedure is used in **habeas corpus** actions. This case is ***a civil rights action***, and in addition to the injunctive relief that would be available in a habeas corpus action, plaintiff is requesting monetary damages for the alleged violations. The court would also point out that a "stay" would not be appropriate in this civil rights action because before plaintiff would be able to return to file a civil rights action for damages, he would have to have the disciplinary determination reversed either administratively or by a habeas corpus court.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in plaintiff's favor would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. 512 U.S. at 486-87. *Edwards v. Balisok*, 520 U.S. 641 (1997) extended the rationale in *Heck* to section 1983 challenges to prison disciplinary proceedings in which a decision in plaintiff's favor would necessarily reverse the administrative decision revoking a

4

plaintiff's good-time credits, thereby affecting the length of the plaintiff's confinement. 520 U.S. at 644.

Since plaintiff in this case *now* states that he lost good time, before being able to file a section 1983 action for damages, he would have to have his disciplinary determination reversed. Thus, this court will not recommend staying this action, because plaintiff will not be able to simply return to court after exhausting his state court remedies, unless the exhaustion results in a reversal. If the state court proceedings do not result in a reversal, plaintiff will then have to file a habeas corpus proceeding in this court. The court understands that plaintiff did attempt to do so in 9:08-CV-462, but due to his failure to tell the court that he lost good time, the case was dismissed. Thus, this is *not* the type of case that would warrant the stay that plaintiff is seeking.

### 3.    **Judgment on the Pleadings**

After the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983) (citations omitted). See Fed. R. Civ. P. 12(b), 12(c) and 12(h)(2). The motion for judgment on the pleadings is then treated according to the same standard as a motion under Rule 12(b)(6). *Id.*

To survive a motion to dismiss, the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir.

5

2008)(quoting *inter alia ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiff's factual allegations must be sufficient to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Id.* (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc*., 507 F.3d 117, 121 (2d Cir. 2007).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999)(per curiam).

**3.     Personal Involvement**

Personal involvement in the alleged constitutional violation is a prerequisite to the assessment of damages in a section 1983 case, and *respondeat superior* is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)(citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).  In order to establish the personal involvement of a supervisory official, the plaintiff must establish (1) that the official directly participated in the violation; (2) that the official failed to remedy the violation after being informed of it by report or appeal; (3) that the official created a policy or custom under which the violation occurred; (4) that the official was grossly negligent in supervising subordinates who committed the violation; or (5) that the official was deliberately indifferent to the right of others by failing to act on information that constitutional rights were being violated. *Iqbal v.*

6

*Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007)(citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

In this case, plaintiff names only one defendant, Richard Potter, the Deputy Superintendent of Administration at Great Meadow Correctional Facility, a supervisory official. (Dkt. No. 1). Plaintiff names this defendant only in the caption of the complaint and in the paragraph describing the defendant's title. Compl. at p.1 & ¶ 3. This defendant is never mentioned again. The plaintiff never alleged that this defendant was in any way involved in the misbehavior reports and never alleged that this defendant had anything to do with charging plaintiff twice for the "same" conduct.

However, in plaintiff's response to defendants motion for judgment on the pleadings, plaintiff now claims that defendant Potter was the hearing officer assigned to conduct ***both*** hearings. Thus, plaintiff clearly alleges that defendant Potter was personally involved in the alleged violation. *Pro se* pleadings are construed liberally, and it is well-settled that even on a motion to dismiss, the court may consider plaintiff's response papers in making its determination. *Hernandez v. Selsky*, 9:04-CV-552, 2006 U.S. Dist. LEXIS 15479, *9-10 & n.12 (N.D.N.Y. Jan. 18, 2006)(citing cases). Thus, the court will not recommend that defendant's motion for judgment on the pleadings be granted based on lack of personal involvement.

4. **Conclusion**

The complaint in this case presents some interesting problems. As stated above, due to plaintiff's failure to respond to Magistrate Judge Lowe's order in 9:08-CV-462,

plaintiff's habeas corpus action was dismissed. It is apparent, however, from plaintiff's multiple requests to "stay," that he has *not* exhausted his state court remedies, and thus, a dismissal in Magistrate Judge Lowe's case could have been appropriate in any event.

If, in fact, plaintiff lost good time as a result of the Tier III hearing in this case, a civil rights action may not proceed against *any* defendant, even one who was personally involved, unless plaintiff obtains a reversal of the disciplinary determination. In this case, in plaintiff's motion for a stay, he alleges that he lost six months of good time as a result of the Tier III hearing, and based on that statement, this court would have recommended dismissing this action without prejudice until such time as plaintiff obtained a reversal of the disciplinary determination, either through an Article 78 proceeding in state court or by a proper habeas corpus action filed in federal court.[2]

However, in reading plaintiff's response to defendant's motion for judgment on the pleadings, plaintiff *again* failed to mention the loss of good time as a result of the Tier III hearing. It is unclear whether this was another oversight, or whether his

---

[2] The court notes that plaintiff could not have lost good time as a result of the Tier II hearing because loss of good time is not a possible sanction under the Department of Correctional Services disciplinary scheme. The maximum possible penalty he could receive was 30 days of segregated housing or keeplock. *See* N.Y. COMP. CODES R. & REG. Tit. 7 § 254.7 (a)(iii) and (vi). There is no possibility in a Tier II hearing of a loss or even a recommended loss of good time. However, the fact that plaintiff could not have been sentenced to a loss of good time would not affect any dismissal in this case because plaintiff is claiming the constitution was violated when he was given two hearings for the same conduct. The two hearings are therefore interrelated for purposes of plaintiff's claim, and the court would not let one claim proceed while dismissing the other.

previous statement that he lost good time was simply an effort to obtain a stay.  The court does not wish to make the mistake of recommending dismissal *sua sponte,* and then determining that plaintiff did not lose good time ***as a result of these charges***. Thus, at this time, the court will not recommend dismissal, but will merely note that if plaintiff lost good time as he says, the case will be subject to dismissal pursuant to *Edwards v. Balisok*, *supra.*

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to stay (Dkt. No. 17) be **DENIED**, and it is

**RECOMMENDED**, that defendant's motion for judgment on the pleadings (Dkt. No. 15) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 28, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge