UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL GOSTON,

                            **Plaintiff,**

                   **v.**                                      **9:08-CV-478**
                                                               **(FJS/GJD)**

**RICHARD POTTER, Deputy**
**Superintendent of Administration,**

                            **Defendant.**
_____

**APPEARANCES**                                      **OF COUNSEL**

**DARRELL GOSTON**
**01-B-0166**
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **C. HARRIS DAGUE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Currently before the Court are Defendant's objections to Magistrate Judge DiBianco's October 28, 2008 Report-Recommendation in which he recommends that this Court deny Plaintiff's motion to stay and deny Defendant's motion for judgment on the pleadings. *See* Dkt.

No. 19.  On November 13, 2008, Defendant, by letter motion, requested leave to withdraw his motion for judgment on the pleadings.  *See* Dkt. No. 20.

On November 14, 2008, this Court issued a Text Order finding withdrawal unnecessary and construing Defendant's letter as a request for additional time to file an objection to the Report-Recommendation.  On November 28, 2008, Defendant filed objections to the Report-Recommendation raising the "Good-Time" issue as well as objecting to Magistrate Judge DiBianco's findings with respect to Defendant's personal involvement.

## II.  BACKGROUND

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary and injunctive relief for due process and Eighth Amendment violations.  Plaintiff's complaint alleges that he was subjected to two disciplinary hearings for the same conduct, was found guilty, and received penalties at both hearings.

On April 30, 2008, Plaintiff filed a petition for writ of habeas corpus in this District, *Goston v. Woods*, 9:08-CV-462 (NAM/GHL), and filed this action on May 5, 2008; Plaintiff did not  indicate a loss of good time in either case.  *See* Dkt. No. 19 at 2.  In the habeas corpus proceeding, Magistrate Judge Lowe ordered Plaintiff to show cause why the action should be adjudicated as a petition for writ of habeas corpus or whether there was any difference between his habeas petition and the instant action.  *See id*. at 2-3.  Plaintiff did not respond to Magistrate Judge Lowe's Order; and Magistrate Judge Lowe recommended, and Chief Judge Mordue approved, the dismissal of Plaintiff's habeas corpus petition.  *See id*. at 3.

On August 20, 2008, Magistrate Judge DiBianco denied Plaintiff's first motion to stay

because Plaintiff did not allege a loss of good time and there was no reason to stay pending exhaustion of state-court remedies. *See id.* Defendant filed his motion for judgment on the pleadings on August 27, 2008, and Plaintiff filed a second motion for a stay on August 27, 2008. *See id.* In this second motion for a stay, Plaintiff alleged for the first time that he lost six months of good time at the Tier III hearing. *See id.* On January 29, 2009, Plaintiff filed a motion to amend his complaint. *See* Dkt. No. 22.

### III. DISCUSSION

**A.     Plaintiff's motion for a stay**

Magistrate Judge DiBianco found that, because Plaintiff now states that he lost good time, Plaintiff would need to have his disciplinary determination reversed. Since this action could continue only where Plaintiff's state-court proceedings result in a reversal, Magistrate Judge DiBianco found that a stay was not warranted. Magistrate Judge DiBianco also noted that, if Plaintiff's state-court proceedings did not result in a reversal, Plaintiff would need to file a habeas corpus proceeding.[1]

Neither party objected to this recommendation. Accordingly, the Court adopts this recommendation and denies Plaintiff's motion for a stay for the reasons stated in the Report-Recommendation.

**B.     Defendant's motion for judgment on the pleadings**

---

[1] Magistrate Judge DiBianco noted that Plaintiff attempted to file such a petition but that the Court dismissed it based on his failure to inform the Court that he lost good time.

With respect to Defendant's motion for judgment on the pleadings, Magistrate Judge DiBianco found that Plaintiff, in response to Defendant's motion, alleged that Defendant Potter was personally involved in the alleged violation. Furthermore, Magistrate Judge DiBianco found that, given the liberal construction of *pro se* pleadings and that a court may consider Plaintiff's responsive papers in making its determination, this Court should deny Defendant's motion for judgment on the pleadings.

Defendant raises two objections: (1) that Defendant Potter was not personally involved in the Tier II hearing and (2) that loss of good time bars Plaintiff's claim. Defendant contends that the Hearing Packet shows that a Lt. Sawyer, and not Defendant Potter, was the hearing officer for Plaintiff's Tier II hearing and that the Court should dismiss the part of Plaintiff's claim relating to the Tier II hearing for lack of personal involvement. Further, Defendant contends that the Hearing Packet from Plaintiff's Tier III hearing demonstrates that Plaintiff "received a recommendation of '6 months loss of good time' as a result of a disciplinary incident on August 17, 2007. *See* Defendant's Objections at 2. Defendant argues that Supreme Court precedent mandates dismissal of a § 1983 action that would invalidate a proceeding where a prisoner lost good time.

### *1. Preliminary matters*

Defendant has moved for judgment pursuant to Fed. R. Civ. P. 12(c), which permits the entry of judgment as a matter of law on the basis of the pleadings alone. *See Jackson v. Immediate Credit Recovery, Inc.*, No. CV-05-5697, 2006 WL 3453180, *3 (E.D.N.Y. Nov. 28, 2006) (citing *Burns Int'l Sec. Servs. v. Int'l Union, UPGWA*, 47 F.3d 14, 16 (2d Cir. 1995)).

Pleadings include attached exhibits and documents incorporated by reference. *See id.* (citation omitted). The same standard applies to Rule 12(c) motions as applies to Rule 12(b)(6) motions. *See id.* (quotation omitted).

Under Rule 12(b)(6), "[a] complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). The court must draw inferences in favor of the non-moving party. *See State of N.Y. v. Oneida Indian Nation of N.Y.*, No. 1:95-CV-554, 2007 WL 2287878, *3 (N.D.N.Y. Aug. 7, 2007) (citation omitted).

For both of these objections, Defendant asks the Court to consider additional materials, namely the hearing packets from Plaintiff's two disciplinary hearings which include the disposition of the hearings, the discipline given, witness statements, appeals, etc. *See* Defendant's Objections, Exhibits I and II.

"A district court must convert a motion for judgment on the pleadings to one for summary judgment if the motion includes material 'outside the pleadings' and that material is 'not excluded by the court.'" *Sira v. Morton*, 380 F.3d 57, 66 (2d Cir. 2004) (quoting Fed. R. Civ. P. 12(c)[2]). A complaint includes attached exhibits, materials incorporated by reference and "documents that, although not incorporated by reference, are 'integral' to the complaint." *Id.* at 67 (citations omitted). In *Sira*, the court found that the plaintiff's reference to and reliance upon a misbehavior report and a disposition sheet to show that he was deprived of liberty without adequate notice were incorporated by reference into the complaint. *See id.* The court also found

---

[2] This language now appears in Fed. R. Civ. P. 12(d).

that a reversal order, which was necessary to proceed with his § 1983 action challenging a disciplinary proceeding after a loss of good time, was incorporated as "integral" to the complaint. *See id.* (the court, however, excluded hearing transcripts because they were not "cited in the complaint nor integral to the claims raised").

In his complaint, Plaintiff, although not directly citing the disposition of his disciplinary hearings, cites the fact that (1) at the Tier II hearing he was found guilty of certain violations and not others and the sanctions that resulted and (2) at the Tier III hearing he was found guilty of all charged violations and the sanctions imposed. *See* Complaint at 5. Therefore, the Court finds that Plaintiff has referred to and relied upon the Disciplinary Incident Summary and disposition sheet for his Tier III hearing in his Complaint. Furthermore, in his first cause of action, Plaintiff relies upon the sanctions from the Tier III hearing as the basis for his claim. *See* Complaint at 6. The Court finds that, in the alternative, these documents are integral to Plaintiff's complaint because they show the punishment that forms the basis of at least one of his claims. Accordingly, the Court finds that Plaintiff's complaint includes the Disciplinary Incident Summary and disposition sheet for his Tier III hearing[3] and that the Court may consider these documents without converting Plaintiff's motion to a motion for summary judgment.[4] These documents show that Plaintiff received the following sanctions in his Tier III hearing: (1) twelve months in the Special Housing Unit; (2) twelve months loss of package, commissary, and phone programs; and (3) loss of six months of good-time credit. *See* Defendant's Objections, Exhibit II

---

[3] *See* Defendant's Objections, Exhibit II at 3, 7.

[4] The Court excludes from consideration the remainder of Defendant's submissions beyond the pleadings without making a finding as to whether any of them could also be considered part of the complaint.

at 3, 7.

### 2. *Personal involvement*

Magistrate Judge DiBianco found that Plaintiff failed to mention Defendant in his complaint beyond the caption and the paragraph describing Defendant's title. Nevertheless, Magistrate Judge DiBianco found that Plaintiff's response to Defendant's motion for judgment on the pleadings alleged that Defendant was the hearing officer assigned to conduct both hearings and was clearly personally involved in the alleged violation. *See* Report-Recommendation at 7. Defendant objects, noting that the hearing packets demonstrate that Defendant was only the hearing officer for the Tier III hearing. *See* Defendant's Objection at 3. Defendant contends that the Court should grant him judgment on the pleadings with respect to the allegations concerning the Tier II hearing. The Court finds that, upon review of Plaintiff's complaint, it is clear that the basis for his claims is the Tier III hearing. *See* Complaint at 6. Specifically, Plaintiff's alleged due process violation occurred "when he was subject to a [second Tier-III] Disciplinary Hearing and sanctions that had arose [sic] out of the first MR and Tier-II Disciplinary Hearing" and his Eighth Amendment claim arose when he "was subjected to a [second] Tier II Disciplinary Hearing that had resulted from the same and exact facts from the first MR and Tier-II Disciplinary." *See id*. The Court finds that, based on Plaintiff's complaint, no part of Plaintiff's claims relates solely to the Tier II hearing and that, therefore, Defendant is not entitled to judgment on the pleadings for lack of personal involvement. Accordingly, the Court finds that this objection is without merit.

### *3. Effect of loss of good-time credits*

Magistrate Judge DiBianco, in dicta, noted that, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), "a section 1983 action is not cognizable if a decision in plaintiff's favor would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed . . . ." *See* Report-Recommendation at 4 (citing *Heck*, 512 U.S. at 486-87). Magistrate Judge DiBianco also noted that the Supreme Court has extended the rationale in *Heck* to prison disciplinary proceedings where the length of a plaintiff's confinement would be at issue, e.g. revoking good-time credits. *See id*. at 4-5 (citing *Edwards v. Balisok*, 520 U.S. 641, 644 (1997)). Magistrate Judge DiBianco concluded that, "[s]ince plaintiff in this case **now** states that he lost good time, before being able to file a section 1983 action for damages, he would have to have his disciplinary determination reversed." *See id*. at 5.[5]

Defendant asserts that, given the information presented in Plaintiff's Tier III hearing packet, this Court should apply Magistrate Judge DiBianco's reasoning and dismiss this case since it would necessarily implicate Plaintiff's loss of good time and Plaintiff has not shown that the disciplinary determination has been reversed. *See* Defendant's Objections at 2-3.

In *Edwards*, the Supreme "Court made clear that *Heck's* favorable termination rule applies to challenges made under § 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good-time credits." *Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006). However, the Second Circuit has determined that *Heck* and *Edwards* do not mandate dismissal of § 1983 actions of this type where the prisoner received "mixed" discipline, i.e. sanctions that

---

[5] This discussion appears in Magistrate Judge DiBianco's recommendation regarding Plaintiff's motion for a stay.

affect both the duration of imprisonment and the conditions of confinement. *See id.* at 104. ("We today hold that a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*."). The Court finds that the discipline Plaintiff received in his Tier III hearing makes this such a mixed sanction case. Accordingly, the Court finds that it must present this waiver option to Plaintiff and ascertain whether he is willing to waive, once and for all, all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with his claims affecting his conditions of confinement. *See Peralta*, 467 F.3d at 106; *McEachin v. Selsky*, 225 Fed. Appx. 36, 37 (2d Cir. 2007) (vacating dismissal of a mixed sanction claim for district court to present the waiver option) (unreported summary order). If Plaintiff is unwilling to do so, the Court will dismiss his complaint pursuant to *Heck* and *Edwards*; otherwise, Plaintiff may continue with this action.[6]

C.   **Plaintiff's motion to amend**[7]

Since Plaintiff's proposed amendment would be futile in the face of dismissal under *Heck*, the Court denies Plaintiff's motion to amend without prejudice and with leave to renew if Plaintiff completes the required waiver under *Heck*.

---

[6] In his complaint, Plaintiff only cites to the conditions of confinement sanctions and not the loss of good time.

[7] Plaintiff filed this motion after Magistrate Judge DiBianco issued his Report-Recommendation.

## IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge DiBianco's October 28, 2008 Report-Recommendation is **ADOPTED** as modified by this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's motion for a stay is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Plaintiff shall advise the Court and opposing counsel in writing, **within thirty (30) days** of the filing date of this Order, whether he waives **for all times** all claims in this action relating to disciplinary sanctions affecting the duration of his confinement in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement. The Court specifically advises Plaintiff that the Court will deem his failure to file the required waiver statement within the required time to constitute his refusal to waive these claims, and such failure will result in dismissal of this action without prejudice without further Order of this Court;[8] and the Court further

---

[8] The dismissal of this action would be without prejudice. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (stating that dismissal under *Heck* is without prejudice and that, if the plaintiff's conviction is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, he may reinstate his suit).

**ORDERS** that, upon Plaintiff's filing of the written waiver required for this action to proceed, the Clerk of the Court shall return the file to this Court for further review; and the Court further

**ORDERS** that Plaintiff's motion to amend is **DENIED** without prejudice and with leave to renew upon the filing of the written waiver required for this action to proceed;[9] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 27, 2009
Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[9] If Plaintiff wishes to renew his motion to amend, he does not need to re-file all the papers that he has already filed; he only needs to file a Notice of Motion and any additional papers to support his request.